Shipman, Circuit Judge.
This is a motion to compel the complainant to produce Charles H. Treat, a witness, for further cross-examination. The action is a bill in equity for the infringement of a patent, and the testimony of the witness, so far as it had progressed, had been taken orally under rule 67, and had been by agreement taken down by a typewriter, at the office of one of the counsel, in the absence of the examiner, but under his constructive direction. Some differences of opinion having occurred between the counsel, the cross-examining counsel stated that the cross-examination was closed until the witness should be produced before the examiner for further examination, on the ground that the opposing counsel were “ unable to agree as to the cross-examination, and defendant’s counsel refuses to proceed in the absence of the examiner.” The complainant insisted that the cross-examination should then proceed, or that the witness should sign his deposition, and his examination be considered as closed.
The record does not disclose an adequate cause for the refusal to continue the examination. The defendant’s counsel did not proceed, the deposition was signed, and the witness dismissed. Since the new rule 67 was promulgated, the practice has been for counsel te agree that the depositions may be taken down by a typewriter, in their presence, at the office of one of them, in the absence of the examiner, but under his constructive direction. The question under this motion is as to the right of one counsel to refuse to continue the examination, and to demand the production of the witness before the examiner; in other words, to declare the agreement at an end.
When counsel have entered upon the taking of a deposition under such an agreement as I have stated, the examination cannot be abandoned until the witness is produced before the examiner, without adequate cause. If counsel abandon the agreement without adequate cause which shall be satisfactory to the court, the testimony of the witness under examination will be closed. Counsel are not at liberty to enter *678 upon the taking of testimony under a stipulation, and to abandon the examination for any reason. Such a course of procedure is not only irritating, but exceedinglj’- expensive. On the other hand, they will be permitted to abandon, if, upon motion to compel the reproduction of the witness for examination, such abandonment is shown to have been required by the necessities of the occasion. In this case, I do not think that the defendant’s counsel had adequate reason for his dissatisfaction; but this is the first question of the kind which has arisen under the new practice, and, as counsel acted under both lack of knowledge and impatience, I am not disposed to be rigorous, but, announcing what will be the course in the future, permit an additional cross-examination of the witness Treat, in accordance with the original agreement, especially as he is employed in New York city, and can manifestly be produced, without trouble or much expense.